J-S56004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESSE WILLIS KNIGHT IV | |
| Appellant | No. 324 MDA 2014 |

Appeal from the Judgment of Sentence January 16, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000052-2013

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 30, 2014**

Appellant, Jesse Willis Knight IV, appeals from the judgment of sentence entered on January 16, 2014, by the Honorable Michael A. George, Court of Common Pleas of Adams County.  Additionally, Knight's court-appointed counsel, Sean A. Mott, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). After careful review, we affirm Knight's judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the history of this case as follows.

> On March 18, 2013, Appellant appeared before the [c]ourt
> and entered pleas of guilty to possession with intent to deliver a

---

[*] Retired Senior Judge assigned to the Superior Court.

controlled substance and conspiracy to deliver a controlled substance both as ungraded felonies. On April 18, 2013, pursuant to a negotiated agreement, the Appellant was sentenced to concurrent sentences of 36 months of CIP [County Intermediate Punishment] with three months of each sentence to be served in restrictive intermediate punishment at the Adams County Re-Entry Facility. The Appellant was temporarily placed on probationary phases until May 22, 2013 at which time he was directed to report to the Adams County Re-Entry Facility and begin serving the restrictive phase of his sentence.

On July 29, 2013, the Gettysburg Borough Police Department received a complaint from the Appellant's wife that Appellant, while released on community service at the Gettysburg Recreation Park, had assaulted her by slapping her twice in the face.[3] Following the complaint to the Gettysburg Borough Police Department, the Adams County Department of Probation Services filed a revocation petition against the Appellant. The petition included an allegation that Appellant committed a violation of the law.[4] Additionally, the petition alleged that the Appellant failed obey prison and house arrest rules while participating in the release programming.[5] In support of the latter violation, the petition noted that Appellant had an unauthorized visit with his wife at the Gettysburg Recreation Park on July 29, 2013; that Appellant made an unauthorized threatening telephone call to his father-in-law on July 29, 2013; and that Appellant received a prison misconduct after re-entry staff found 26 pouches of prohibited tobacco on his person on August 20, 2013.

[A] [r]evocation hearing was ultimately held on November 12, 2013. At [the] hearing, Appellant conceded violating prison and work release rules, however, contested violating the law. After taking testimony, the revocation court found that Appellant had violated the conditions of his supervision as alleged by the Commonwealth. A pre-sentence investigation was conducted and on January 16, 2014, Appellant was resentenced on each count to no less than 10 months nor more than 23 months and 29 days in partial confinement with a concurrent term of 35 months of probation.

- 2 -

<sup></sup>3 As a result of the incident, Appellant's wife sought a protection from abuse order. After [the] hearing, a final protection from abuse order was granted against Appellant by the Honorable Judge Robert Bigham on August 14, 2013. The protection from abuse action is listed at 13-S-991.
4 Condition 3(a)[.]
5 Condition 3(h)[.]

Trial Court Opinion, 4/23/14 at 1-2. This timely appeal followed.

As noted, Attorney Mott has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Appellant's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009).

We note that Attorney Mott has substantially complied with the requirements of **Anders** as articulated in **Santiago**, although he has failed to cite to the relevant portions of the record. Additionally, Attorney Mott confirms that he sent a copy of the **Anders** brief to Appellant as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the

right to retain new counsel. A copy of the letter is appended to Attorney Mott's petition, as required by this Court's decision in **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to facilitate appellate review, … counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights." **Id**. at 749 (emphasis in original).

We will now proceed to examine the issue counsel set forth in the **Anders** brief.[1] Counsel raises the following issue for our review:

> Did the revocation [c]ourt err in finding sufficient evidence that Appellant had committed assault, thereby violating the rules of probation, where no formal criminal charges were filed, where the alleged victim waited a week before reporting the incident, where no medical documentation of the injuries sustained by [the] victim was presented by the Commonwealth, and where the testimony of the alleged victim was no corroborated by additional witnesses?

**Anders** brief at 9.

On appeal from a judgment of sentence following the revocation probation

> [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b).

**Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000).

---

[1] Appellant has not filed a response to Attorney Mott's petition to withdraw.

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Ahmad***, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). A court may revoke an order of probation upon proof of the violation of specified conditions of the probation. ***See Commonwealth v. Infante***, 585 Pa. 408, 420, 888 A.2d 783, 791 (2005). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." ***Id***., 585 Pa. at 421, 888 A.2d at 791. Technical violations are sufficient to trigger revocation. ***See Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000).

Preliminarily, we note that Appellant argues only that the evidence was insufficient to establish that he assaulted his wife, and thus, that this conduct could not support a finding that he had violated the conditions of his County Intermediate Punishment. Notably, Appellant does not contest the court's finding that he had violated the prison/work release rules in that he initiated an unauthorized visit with his wife at the Gettysburg Recreation Park on July 29, 2013; that Appellant made an unauthorized threatening telephone call to his father-in-law on July 29, 2013; and that Appellant received a prison misconduct after re-entry staff found 26 pouches of

prohibited tobacco on his person on August 20, 2013. These violations of the conditions placed upon Appellant alone are sufficient to support the court's revocation of Appellant's County Intermediate Punishment. ***See Infante***, ***supra***. As such, we find that Appellant's challenge to the evidence to support a finding that he assaulted his wife is moot, as ample additional evidence existed to support a determination that Appellant violated the specified conditions of his County Intermediate Punishment.

After examining the issues contained in the ***Anders*** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/30/2014</u>