J-S21029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONTRAIL MARCO TALFORD | |
| Appellant | No. 1207 EDA 2015 |

Appeal from the Judgment of Sentence March 23, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003728-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 04, 2016**

Montrail Marco Talford appeals from the judgment of sentence imposed in the Court of Common Pleas of Delaware County following a probation/parole revocation hearing.  Counsel also seeks to withdraw pursuant to the dictates of ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Talford's judgment of sentence.

On August 6, 2012, Talford pled guilty to three counts of possession with intent to deliver a controlled substance (PWID).[1]  The court imposed

_____

[*] Former Justice specially assigned to the Superior Court.

concurrent sentences of 6 to 23 months', 9 to 23 months' and 11½ to 23 months' incarceration followed by two years of probation.

On January 18, 2014, while on release, Talford was arrested for PWID. He was convicted of this offense on October 22, 2014, and was sentenced to 18 to 36 months' incarceration.

Following a **Gagnon II**[2] hearing on March 23, 2015, the court sentenced Talford to three concurrent sentences of 410 days' incarceration for the parole violations and a concurrent sentence of one to two years' incarceration on the probation violation. The court ordered the sentences to be served consecutively to the sentence for Talford's 2014 conviction.

Counsel filed a petition to withdraw on April 9, 2015, which the court granted on April 20, 2015. On April 22, 2015, Talford filed a timely *pro se* notice of appeal. Thereafter, the Public Defender began representing Talford. On July 28, 2015, following the grant of an extension of time to file a statement of errors complained of on appeal, counsel filed a statement of intent to file an **Anders**/**McClendon** brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed its Rule 1925(a) opinion on July 29, 2015.

On December 16, 2015, Talford's counsel filed an **Anders** brief. "When faced with a purported **Anders** brief, this Court may not review the

(Footnote Continued) ———————————

[1] 35 P.S. § 780-113(30).

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Rojas***, 847 A.2d 638, 639 (Pa. Super. 2005). Furthermore, counsel must comply with certain mandates when seeking to withdraw pursuant to ***Anders***, ***Santiago*** and ***McClendon***. These mandates are not overly burdensome and have been summarized as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf).

***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Here, counsel has provided the facts and procedural history of the case, and avers that, after a thorough review of the record, he finds the appeal to be wholly frivolous, and states his reasons for this conclusion. Counsel provided a copy of the petition to withdraw and the ***Anders*** brief to Talford. Counsel has also provided a copy of a letter to Talford, dated

December 17, 2015, informing him of his right to submit a brief to this Court or to hire an attorney to do so.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

In his *Anders* brief, the sole issue of arguable merit raised by counsel is "[w]hether the judgment of sentence imposed herein should be vacated since it was unduly harsh and excessive under the circumstances of this case." *Anders* Brief, at 3.

Talford filed a timely notice of appeal and preserved the issue during the revocation hearing. However, the *Anders* brief does not include a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence, as required by Pa.R.A.P. 2119(f). The Commonwealth has not objected to this omission. It is well-settled that in the absence of objection from the Commonwealth, this Court may ignore the omission of such statement and proceed to determine if the appellant has raised a substantial question. *Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. 2004).

This Court has held that a challenge to an unduly excessive sentence together with a claim that the court failed to consider an appellant's rehabilitative needs upon fashioning its sentence raises a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super.

- 4 -

2015) (en banc). Accordingly, we will address Talford's claim that the court should have imposed a claim of "full back time with immediate parole along with mandates for substance abuse treatment, applications for employment and/or community services, and intensive supervision." **Anders** Brief, at 7-8.

Section 9771 of the Sentencing Code, 42 Pa.C.S. § 9771, which governs modification or revocation of probation orders, provides:

> **(a)** **General Rule. –** The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

> **(b)** **Revocation. –** The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

> **(c)** **Limitation on sentence of total confinement. –** The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> (1) the defendant has been convicted of another crime; or
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771.

The imposition of sentence following revocation of probation is vested within the sound discretion of the trial court, which, absent abuse of that

discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d. 910, 914 (Pa. Super. 2000). In a revocation of probation proceeding, "a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question." *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014). Moreover, a revocation court is under no obligation to order a presentence report for a defendant who has already undergone formal sentencing and consideration of all relevant information regarding his crime, character and background. *Commonwealth v. Fish*, 752 A.2d 921 (Pa. Super. 2000).

At the hearing, George Buckley of Adult Probation and Parole Services testified that while Talford was on release from his sentences for delivery of crack cocaine, he was arrested for delivery of heroin. Buckley further testified that although he only supervised Talford for a short period of time, Talford missed an appointment, screened positive for marijuana, and never notified him of his new arrest. He noted that Talford had failed to pay court costs, fined and supervision fees. Furthermore, under the Sentencing Guidelines, Talford is a Level 4 offender, with the highest possible prior record score of 5. N.T. *Gagnon II* Hearing, 3/23/15, at 5. Although the court recognized that Talford was making good use of his time in state prison by participating in programs and scheduling to take his GED test, it imposed the sentence recommended by Adult Probation and Parole Services. *Id.* at 7.

Talford has failed to establish that the court abused its discretion in imposing an aggregate sentence of 410 days' imprisonment. Accordingly, we affirm the judgment of sentence.[3]

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016

---

[3] Pursuant to the dictates of **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa. Super. 2015), we have conducted an independent review of the record. We discern no non-frivolous issues overlooked by counsel.