J-S81023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID TODOROFF | |
| Appellant | No. 847 MDA 2017 |

Appeal from the Judgment of Sentence imposed March 28, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001600-2016

BEFORE:  PANELLA, STABILE, and PLATT, JJ.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 27, 2018**

Appellant, David Todoroff, appeals from the judgment of sentence imposed on March 28, 2017 in the Court of Common Pleas of Dauphin County, following his conviction of eight counts of invasion of privacy, 18 Pa.C.S.A. § 7507.1(a)(1).  Appellant contends the trial court imposed an excessive sentence.  We disagree and, therefore, affirm.

In its rule 1925(a) opinion, the trial court explained:

> On December 22, 2016, [Appellant] entered into an open plea agreement to 8 counts of invasion of privacy[.]  The charges arose out of [Appellant] having secretly placed a cell phone in the employee restroom of his podiatric office and in his home to photograph and film women while they were fully or partially nude.  [Appellant's] conduct was discovered when an office

---

[*] Retired Senior Judge assigned to the Superior Court.

employee noticed a cell phone on the floor of the restroom. Over the course of approximately 7 years, [Appellant] had obtained photographs of female office staff, a family friend and her minor daughters, as well as his own daughter, as they changed clothes or utilized the restroom. [Appellant] uploaded and stored many images on his computer.

On March 28, 2017, the court imposed 8 consecutive sentences of 8-24 months, that is, an aggregate sentence of not less than 64 months nor more than 192 months in a state correctional institution. The court further ordered that [Appellant] is to have no contact with the victims, that he abide by the court approved special conditions for sexual offenders, register under the Pennsylvania Megan's Law and abide by the sexual offender registration procedures. The court sentenced [Appellant] within the statutory maximum term of punishment, outside of the aggravated range.

Trial Court Opinion, 8/10/17, at 1-2 (footnotes and some capitalization omitted).

Appellant filed a motion seeking modification of his sentence. The trial court denied the motion on April 28, 2017. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider one issue on appeal:

Was the imposition of an aggregate sentence of 64 to 192 months['] incarceration clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and Appellant's rehabilitative needs where the [c]ourt imposed consecutive jail sentences on eight counts?

Appellant's Brief at 6. As such, Appellant presents a challenge to the discretionary aspects of sentence.

"A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*,

167 A.3d 793, 815 (Pa. Super. 2017) (citation omitted). Before we can reach the merits of a discretionary aspects challenge,

> [w]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 815-16 (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted)). Here, Appellant filed a timely notice of appeal, preserved the issue in a motion to modify the sentence, and included a statement in compliance with Pa.R.A.P. 2119(f). Therefore, we must determine whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (quoting **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011)).

In **Commonwealth v. Mouzon**, 812 A.2d 617 (Pa. 2002), our Supreme Court explained that our Court need not accept bald allegations of excessiveness as sufficient to present a substantial question. *Id.* at 627.

> Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed

adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence. **See** [**Commonwealth v. Koehler**, 737 A.2d 225, 244 (Pa. 1999)] (party must articulate why sentence raises doubts that sentence was improper under the Sentencing Code); [**Commonwealth v. Saranchak**, 675 A.2d 268, 277 n. 18 (Pa. 1996)] ("Appellant must, at a minimum, explain specifically why he thinks his sentences were improper"); [**Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000)] (appellant need only make a *plausible* argument that a sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process).

**Id.** at 627-28 (emphasis in original).

In his Rule 2119(f) statement, Appellant contends his aggregate sentence of 64 to 192 months is "manifestly excessive" even though it was within the sentencing guidelines. Appellant's Brief at 14. He argues the trial court improperly "focused solely on the nature of the criminal conduct and the need to protect others" and that, "[g]iven Appellant's history and background, the application of the guidelines would be clearly unreasonable." Appellant's Brief at 17, 16. He also asserts the trial court failed to consider mitigating factors, including Appellant's lack of criminal record, acceptance of responsibility for his actions, and undertaking of treatment. **Id.** at 17.[1]

"[A] defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if . . . application of the

---

[1] This Court has held that "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted).

guidelines would be clearly unreasonable, resulting in an excessive sentence[.]" ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (emphasis in original). Recognizing that Appellant need only make a *plausible* argument that the sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process, ***see Goggins***, 748 A.2d at 727, we find Appellant has raised a substantial question. Therefore, we shall consider the merits of his claim.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." ***Commonwealth v. Stokes***, 38 A.3d 846, 858 (Pa. Super. 2011) (citation omitted). Further, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." ***Commonwealth v. Macias***, 968 A.2d 773, 776-77 (Pa. Super. 2009).

Section 9871(c) directs:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9871(c).

In the case before us, there is no suggestion the sentencing court erroneously applied the guidelines or imposed an unreasonable sentence outside the sentencing guidelines. Therefore, Appellant must demonstrate that the trial court abused its discretion by imposing a sentence within the guidelines, but that the application of the guidelines is rendered clearly unreasonable by the circumstances of the case. 42 Pa.C.S.A. § 9871(c)(2).

In its Rule 1925(a) opinion, the trial court explained:

[T]he record reflects that this court properly considered relevant sentencing factors and stated at length, on the record, its reasons for the sentence. We considered information contained in the pre-sentence investigation report, letters and in-court statements of the victims, and the statements of [Appellant]. As to the gravity of the offense in relation to its impact on the victims, we found compelling the victims' statements of the emotional devastation [Appellant's] actions caused. We noted that the words "invasion of privacy" alone inadequately reflect the harm [Appellant] caused, which the victims will endure for years, if not a lifetime. [Appellant's] betrayal of the trust of devoted employees, family friends and his daughter left those victims with profound humiliation, embarrassment and sense of violation. Several victims expressed fear of trusting others or using restrooms outside their homes.

This court found particularly troubling that [Appellant] engaged in such conduct for many years while at the same time engendering trusted relations.

We recognize that [Appellant] voluntarily began counseling prior to sentencing and that he expresses remorse. However, a lesser sentence would nominalize [Appellant's] egregious conduct and the damage it inflicted upon the victims.

- 6 -

Trial Court Opinion, 8/10/17, at 4-5 (some capitalization and references to notes of testimony omitted).

> When reviewing the record, we are required to have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A § 9781(d).

Our review of the record provides sufficient information for us to understand the nature of the circumstances surrounding Appellant's offenses as well as Appellant's history and characteristics. Here, we have a doctor of podiatry with no criminal record, a married father of two daughters who are now in their 20s.[2] While he was in his late 40s and early-to-mid 50s, he used a cell phone to photograph and video female employees while they were using an office bathroom and did so as well with a family friend and her daughters—and his *own* daughter—in a bathroom at his residence while they were changing clothes before and after using a hot tub. He uploaded several of the

---

[2] As of the time of sentencing, he was estranged from "his entire family. Soon—the divorce is soon to be final." Notes of Testimony ("N.T."), Sentencing, 3/28/17, at 12.

images to his computer, including one of his daughter that was date-stamped 2008.

Following his arrest, he voluntarily surrendered his medical license and sold his share of the podiatric practice. On recommendation of counsel, he completed a ten-week inpatient program at a facility in Texas. Upon completion of that program, he returned to Pennsylvania in January 2016 and enrolled in a sexual addiction counseling program for one-on-one and group sessions. He also enrolled in another sex addiction treatment program that entailed sessions with a psychologist. Finally, he began attending weekly spiritual counseling at a community church. Meanwhile, he secured two jobs, one working for a contractor and the other as a night manager for a grocery store. In the words of his counsel, "[H]e has owned his problem. He has taken it very seriously." N.T., Sentencing, 3/28/17, at 15. "He accepts full responsibility for his actions." *Id.* "He is devastated by losing his family, his daughters, and his practice. And he understands that he violated the privacy of people very close to him." *Id.*

Appellant gave a statement to the trial court, in which he admitted he "made some very poor choices." *Id.* at 16. He acknowledged his behavior was "wrong" and that he "was wrong not to seek professional help." *Id.* He stated he did not "ever want to act like that again" and that he had "taken certain steps to ensure that [he would] never act this way again or offend anyone in any way, shape of form." *Id.* at 16-17. He explained:

[Appellant]: And as words can't express, the words I'm sorry doesn't even come close to how I feel. I regret that I acted in a manner that was just so – so male.

[The court]: So what?

[Appellant]: Excuse me?

[The court]: You acted in a manner that was so?

[Appellant]: My maleness came out. I wasn't a man in all this.

N.T., Sentencing, 3/28/17, at 18.

Appellant expressed his regret for his actions but not for being caught, "because I was not able to get myself out of this. I was unable to take my hijacked brain and get it out of this nonsense." *Id.* He continued, noting:

> . . . I've completely surrendered. I've completely repented, and for 17 months I finally feel free from this addiction. . . . I'm thankful that [God is] finally molding me into a man he wanted me to be, but regretful that it's taken such a terrible toll on my relationships.

*Id.* at 18-19.

At sentencing, letters from some of Appellant's victims, including his daughter, were read into the record, conveying the devastating impact Appellant's actions had on their lives and how he betrayed their trust. His daughter wrote, in part:

> Some might not understand the gravity of that secret camera; it's just a video clip or a photo. But that couldn't be further from the truth. When making the conscious decision to invade someone's privacy on such a deep level, one chooses personal gain and trades it in for someone else's self-worth, self-image, and any illusions one might have of being safe and cared for.
>
> . . .

He was the one who was supposed to keep his daughter safe from these people.

. . .

I feel like I was raped.

Yes, that's how I feel.

Because in all of my nightmares, I can't escape his presence. He follows me everywhere, watching me. I'm completely naked, and I can't move, and he is free to stand there and look at me, come closer if he wants to.

*Id.* at 7-8.

In the words of his long-time primary office assistant:

This was not just a one-time experiment. This was a carefully thought out plan, with the placement and angle of the phone just in the right place. This was a violation of one's privacy over and over again, which involved multiple victims.

All respect is lost and there will never be trust again. Feelings of violation, disgust, betrayal, hatred, and frustration are constantly at the surface.

. . .

[Appellant] has been secretly videotaping victims for seven years, which happened to include minors. How do you trust that it wouldn't happen again? I ask on behalf of all the victims involved that you take into consideration the length of time this was being committed and where – workplace and home – and how well the phones were hidden.

*Id.* at 10.[3]

_____

[3] We note that letters on behalf of Appellant were attached to Appellant's motion for modification of his sentence. A letter from the Texas inpatient facility indicates Appellant was a patient from November 21, 2015 until

As illustrated above and as required by 42 Pa.C.S.A. § 9871(d)(1), when reviewing the record, we have given due consideration to the nature and circumstances of the offenses as well as Appellant's history and characteristics. Further, it is clear the trial court had the opportunity to observe Appellant and to review the presentence investigation as required by § 9871(d)(2). From the sentencing transcript and the trial court opinion, we are able to ascertain the findings upon which the sentence was based, and we have given due regard to those findings in accordance with § 9871(d)(3). Finally, as the trial court explained, the guidelines provided for a sentence of up to 24 months for each of Appellant's convictions and we acknowledge those guidelines, in compliance with § 9871(d)(4).

_____

January 29, 2016, "and discharged Treatment Complete." Motion for Modification, Exhibit D, 4/6/17, at 1. In another letter, a psychologist at the facility where Appellant began counseling after his discharge from the Texas in-patient program related the number of psychotherapy sessions Appellant attended and noted, "[Appellant] reports that he has devoted himself to a wide variety of recovery activities." Motion for Modification, Exhibit B, 4/6/17, at 1. "In summary, based upon his self-reports, [Appellant] continues doing all things necessary to focus upon, and sustain, his recovery. His chances of maintaining this trajectory appear to remain good[.]" *Id.* A third letter is from a counselor who explained the out-patient treatment program and indicated Appellant "has been very active in group counseling." Motion for Modification, Exhibit C, 4/6/17, at 1. The letter explains Appellant "has attended twelve step meetings and identifies the positive support that arises from attendance of the meetings. He is planning to continue to attend the meetings while identifying ways in which he can build community and establish healthy plans for the future." *Id.*

As this Court recognized in ***Commonwealth v. Allen***, 24 A.3d 1058 (Pa. Super. 2011):

> The sentencing court has broad discretion in sentencing a defendant. ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000). This Court, therefore, accords the sentencing judge great deference as it is the sentencing judge that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. ***Id.*** A sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010).

***Id.*** at 1065.

Our review leads us to conclude that imposition of consecutive sentences for each of Appellant's convictions clearly was not unreasonable. Finding no abuse of discretion on the part of the trial court, or any basis for vacating and remanding the case under 42 Pa.C.S.A. § 9871(c) as discussed above, we shall not disturb the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2018

- 12 -