COMMONWEALTH of Pennsylvania, Appellee,

v.

**Douglas FISH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 27, 2000.

Filed May 15, 2000.

Timothy J. Sloan, Ebensberg, for appellant.

David J. Kaltenbaugh, Asst. Dist. Atty., Ebensburg, for Com., appellee.

Before ORIE MELVIN, J., CERCONE, President Judge Emeritus, and CIRILLO, President Judge Emeritus.

CERCONE, President Judge Emeritus.

¶ 1 This is an appeal from a judgment of sentence following revocation of Appellant's probation. We affirm.

¶ 2 In May of 1995 Appellant pled guilty to charges of aggravated indecent assault and aggravated assault and was sentenced to an aggregate term of imprisonment of fifteen (15) to ninety-six (96) months.[1] Pursuant to Appellant's filing of a PCRA petition, this sentence was later modified on February 2, 1996 and Appellant was imprisoned for a period of not less than twelve (12) months, less one day, nor more than twenty-three (23) months, less one day, on the aggravated indecent assault conviction.[2] In addition he was placed on sixty (60) months probation for the aggravated assault. The conditions of Appellant's probation were that he was to pay the associated costs and fees and was to have no contact with his victim or her family. On February 22, 1999 a petition was filed charging Appellant with violations of his probation, particularly compliance with all laws, display of overt behavior and special conditions. A hearing was held on the matter before the Honorable F. Joseph Leahey in the Court of Common Pleas of Cambria County on March 18, 1999. Appellant was found to have violated his probation, but sentencing was deferred pending the outcome of the criminal charges that precipitated the filing of the probation violation petition.[3] On August 12, 1999 Appellant was sentenced to a term of eighteen (18) to sixty (60) months imprisonment for violating his probation. This timely appeal followed.

¶ 3 On appeal, Appellant raises one (1) issue for our review:

WHETHER THE SENTENCING COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IMPOSED A SENTENCE, FOLLOWING REVOCATION OF PROBATION, FOR A PERIOD IN EXCESS OF ONE (1) YEAR, WITHOUT CONSIDERING THE RECORD OF THE SENTENCING

---

1. 18 Pa.C.S.A. § 3125 and 2702, respectively.

2. We recognize this sentence was not in compliance with 42 Pa.C.S.A. § 9756(b) which states that "[t]he court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed." Nevertheless, this is part of Appellant's procedural history and is of no import in the resolution of this appeal.

3. With respect to these charges, Appellant was sentenced to an aggregate term of imprisonment of three and one-half (3½) to fifteen (15) years imprisonment following his conviction for aggravated assault and terroristic threats as well as simple assault and recklessly endangering another person, which merged for sentencing purposes.

PROCEEDING; WITHOUT THE BENEFIT OF A PRE–SENTENCE INVESTIGATION AND REPORT; WITHOUT CONSIDERATION OF THE SENTENCING GUIDELINES; AND WITHOUT·EXPRESSING ADEQUATE REASONS TO JUSTIFY IMPOSITION OF A SENTENCE OF TOTAL CONFINEMENT.

Appellant's Brief at 4.

 ¶ 4 Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). *See also Commonwealth v. Gheen,* 455 Pa.Super. 499, 688 A.2d 1206, 1207 (1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Id.,* 688 A.2d at 1207–08. *Accord Commonwealth v. Ware,* 737 A.2d 251, 254 (Pa.Super.1999). Finally, it is the law of this Commonwealth that once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,

(3) such a sentence is essential to vindicate the authority of court.

42 Pa.C.S.A. § 9771(c).

 ¶ 5 Presently, Appellant challenges the discretionary aspects of his sentence. In his Pa.R.A.P. 2119(f) Statement of Reasons Relied upon for Allowance of Appeal, Appellant submits that the sentence imposed

was contrary to the fundamental norms which underlie the sentencing process, as the Sentencing Court failed to consider the underlying nature of the original offense and failed to state any reason for the sentence imposed or any reason for not continuing the Appellant on probation, except for the fact that he had violated the terms and conditions of his probation.

Appellant's Brief at 8. In *Commonwealth v. Cappellini,* 456 Pa.Super. 498, 690 A.2d 1220, 1227–28 (1997) we found that appellant's request for review of the discretionary aspects of his sentence following revocation of his probation based on the trial court's alleged failure to state the reasons for the sentence imposed on the record and for not continuing his probation constituted a substantial challenge to the appropriateness of the sentence. Hence, like in *Cappellini,* we will permit Appellant's appeal.

 ¶ 6 It is well-settled that:
[w]hen reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. An appellate court will not disturb the lower court's judgment absent a manifest abuse of discretion. "In order to constitute an abuse of discretion a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion." Further, a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion.

*Id.,* 690 A.2d at 1228 (citations omitted). *Accord Commonwealth v. Smith,* 447 Pa.Super. 502, 669 A.2d 1008, 1011 (1996)("the imposition of sentence following revocation of probation is vested within the sound discretion of the trial court,

which, absent an abuse of that discretion, will not be disturbed on appeal."). Initially, we note that any of Appellant's claims alleging that the Trial Court erred in not considering the sentencing guidelines are baseless as it is clear that the guidelines are not applicable to sentences imposed following the revocation of probation. *Commonwealth v. Ware*, 737 A.2d at 255, *citing* 204 Pa.Code § 303.1(b).

¶ 7 Upon our close and careful review of the August 12, 1999 sentencing proceeding we cannot conclude that the Trial Court erred in fashioning the sentence that it imposed. Appellant does not dispute that he violated the terms and conditions of his probation that led to the sentencing. The record reveals that the Trial Court was informed of Appellant's employment while on probation and that he contributed to the support of his son during this time. N.T. Sentencing, 8/12/99, at 7. Also, Appellant's sister addressed the Court seeking permission for Appellant to see his son while in prison. *Id.*, at 8–9. Appellant addressed the Court as well and spoke of his remorse, his respect for the Court and requested that his sentences run concurrently. *Id.*, at 10–11. Judge Leahey stated that he had considered Appellant's remarks, the pre-sentence investigation report that had been used earlier that day for the sentencing of Appellant on the criminal matter that precipitated the filing of the probation violation petition and his keen and undisputed knowledge of the prior crime from which the probation had been granted.[4] *Id.*, at 11–12. Judge Leahey acknowledged his pleasure about seeing Appellant out in the community working during his probationary period and of his disappointment of the recent events and the resultant difficulties that Appellant faced. *Id.*, at 12. Clearly,

the Trial Court was cognizant of Appellant's history and background, including the positive and negative aspects of his behavior while on probation in fashioning its sentence. We are aware that "although a court is required to explain its reasons for imposing sentence, it 'need not specifically cite or include the language of the sentencing code, it must only demonstrate that the court had considered the factors specified in the code.'" *Commonwealth v. Cappellini*, 690 A.2d at 1228 (citations omitted). Upon our close examination of the record, we hold that the Trial Court did not abuse its discretion in imposing Appellant's sentence in this matter; therefore, Appellant's claims of error are baseless. Accordingly, we are compelled to affirm Appellant's judgment of sentence.

¶ 8 Judgment of sentence affirmed.

---

4. We are not persuaded by Appellant's argument that the Trial Court abused its discretion in using the pre-sentence investigation report that also had been used in his earlier sentencing proceeding that day as it is apparent based upon the certified record before us that Judge Leahey was versed thoroughly in the pertinent information regarding Appellant's

case. Moreover, Appellant's counsel at sentencing acknowledged that the pre-sentence investigation report, which Appellant had reviewed, revealed Appellant's "current situation as far as where he was employed and what he had been doing while he was under the supervision of the Cambria County Probation Department." *Id.*, at 7.