J-S43020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC SHORTER | |
| Appellant | No. 2603 EDA 2014 |

Appeal from the Judgment of Sentence August 26, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008464-2011

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 28, 2015**

Appellant, Eric Shorter, appeals from the judgment of sentence entered on August 26, 2014, following a violation of probation hearing. Shorter argues the sentencing court committed an abuse of discretion. Specifically, by imposing a manifestly excessive sentence by directing that the sentence of one to two years' incarceration imposed following the revocation of his probation be served consecutive to the term of twenty-nine to fifty-eight years' incarceration imposed in an unrelated homicide matter. Additionally, his court-appointed counsel, John Martin Belli, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's petition to withdraw.

In 2012, Shorter pled guilty to the charge of possession with intent to deliver a controlled substance for which the trial court sentenced him to one to twelve months' imprisonment, followed by four years' probation.

In 2013, Shorter was tried and convicted of terroristic threats. In 2014, he pled guilty to third degree murder and related gun charges. He received an aggregate sentence of twenty-nine to fifty-eight years' incarceration.[1]

Because of the 2013 and 2014 convictions, the court subsequently revoked Shorter's probation after a hearing and re-sentenced him to a term of one to two years' imprisonment, to run consecutively to the sentence imposed for the third degree murder conviction and other crimes.

Shorter did not file a post-sentence motion to the revocation sentence, but filed a timely notice of appeal. Appointed counsel filed in this Court a motion to withdraw as counsel and an *Anders* brief in support thereof.

When court-appointed counsel seeks to withdraw from representation on appeal, counsel must meet the following requirements.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's

---

[1] It is unclear from the record whether the terroristic threats charge was included in this aggregate sentence or if it received its own sentence. It makes no difference for our purposes here.

reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id*. at 355 n.5 (citation omitted).

Here, counsel has complied with the procedure laid out in *Santiago*. Counsel filed a motion seeking permission to withdraw as counsel, concluding that after careful review he found the appeal to be wholly frivolous. Counsel also submitted a brief referring to the sole issue on appeal challenging the discretionary aspect of Shorter's sentence. Finally, counsel furnished a copy of the *Anders* Brief to Shorter and advised him of his rights.

Since counsel has complied with the requirements for withdrawing as counsel, we may now proceed to examine the claim set forth in the *Anders* Brief. Shorter argues that the trial court abused its discretion in sentencing him to a consecutive term of imprisonment following his probation violation.

Our standard when reviewing a sentence imposed following the revocation of probation is as follows.

Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Also, upon sentencing following a revocation of probation, the trial court is limited only by the

- 3 -

maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000) (citation omitted). *See also* 42 Pa.C.S.A. § 9771(b). "[T]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of discretion, will not be disturbed on appeal." *Commonwealth v. Edwards*, 71 A.3d 323, 327 (Pa. Super. 2013) (citations omitted).

Shorter challenges the discretionary aspects of his sentence. Our scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). Therefore, Shorter's claim is properly before us.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test.

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

We evaluate the determination of a substantial question on a case-by-case basis. ***See Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011). "A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Christine***, 78 A.3d at 1, 10 (Pa. Super. 2013) (citation omitted).

Shorter claims that the trial court abused its discretion and imposed a manifestly excessive sentence in imposing a consecutive, rather than concurrent sentence, for his probation violation. The decision whether to impose consecutive or concurrent sentences is left to the sound discretion of the trial court. ***See Prisk***, 13 A.3d at 533. "Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." ***Id***. (citation omitted). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in *only the most extreme circumstances*,

such as where the aggregate sentence is unduly harsh, considering the nature of the crime and the length of imprisonment." ***Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010) (citation omitted) (emphasis added).

That is simply not the case here. Shorter has not raised a substantial question. Considering the nature of his crimes that resulted in the revocation of his probation—namely, *murder*—the new sentence of one to two years' imprisonment to run consecutive to his other sentence, is not unduly harsh. Accordingly, we agree with counsel that this claim is frivolous.

After examining the issues contained in the ***Anders*** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015