J-S54030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL HIGGINS | |
| Appellant | No. 492 EDA 2015 |

Appeal from the Judgment of Sentence January 13, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004538-2014

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 21, 2015**

Appellant, Michael Higgins, appeals from the judgment of sentence entered following the revocation of his probation by the Honorable William E. Ford, Court of Common Pleas of Lehigh County.  We affirm.

On October 7, 2014, Higgins entered a guilty plea to one count of possession of drug paraphernalia and to one count of harassment, and was sentenced to nine months of probation on each count.  Thereafter, a probation officer issued a Probation/Parole Intermediate Punishment Violation Warrant alleging that Higgins had violated the conditions of his parole, including, among other things, Condition 5 – failure to remain drug free.

_____

[*] Former Justice specially assigned to the Superior Court.

On January 13, 2015, the court conducted a **Gagnon II** hearing, at which the Commonwealth established that a urine drug test of Higgins performed on October 17, 2014, tested positive for phencyclidine (PCP). The lower court subsequently found Higgins in violation of the conditions of his probation and re-sentenced him to time-served to 12 months' imprisonment, with eligibility for immediate parole upon approval of a parole plan. This timely appeal followed, in which appellant argues that "the evidence presented at the time of the Gagnon II hearing was [in]sufficient to prove that the Defendant had used illegal drugs while under supervison[.]" Appellant's Brief at 7.[1]

Our review of a sentence imposed following the revocation of probation is limited to "determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." 42 Pa.C.S.A. § 9771(b). **See** also **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Ahmad**, 961 A.2d 884, 888 (Pa. Super. 2008) (citations omitted).

---

[1] Higgins included an additional claim in his Rule 1925(b) statement, which he abandoned on appeal.

A court may revoke an order of probation upon proof of the violation of specified conditions of the probation. *See Commonwealth v. Infante*, 888 A.2d 783, 791 (Pa. 2005). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id*., at 791. Moreover, even technical violations are sufficient to trigger revocation. *See Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000).

In this case, the probation officer testified at the revocation hearing that Higgins's recently administered urine test was positive for PCP. *See* N.T., Revocation Hearing, 1/13/15, at 17-18. The probation officer, in compliance with probation department protocol, sent the urine sample to another lab for further testing. A toxicology expert from that lab testified about the verification process of urine samples that are sent by the probation department and confirmed that Higgins's urine sample was "received intact and there was no leakages and seal was intact." *Id*., at 6-7. The expert further testified that he personally certified Higgins's positive drug-test results. *See id*., at 8.

As the testimony indicates, Higgins tested positive for illegal use of PCP while on probation. Higgins's use of illegal drugs is in direct violation of the specified conditions of his probation. *See Sierra*, 752 A.2d at 912 (technical violations of probation are sufficient to trigger revocation). Based on the testimony, we find no abuse of discretion in the court's revocation of

Higgins's probation. Higgins's averment that the Commonwealth failed to present sufficient evidence to demonstrate his use of illegal drugs and consequential violation of probation lacks merit.[2] His use of illegal drugs only days after the start of his probationary sentence is clear evidence that "probation has proven to have been an ineffective vehicle to accomplish rehabilitation." *Id*., at 912.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2015

---

[2] Not surprisingly, Higgins does not advance any evidence or cite to any legal authority to support his dubious proposition that the positive urine drug test was insufficient to prove that he actually ingested PCP.