J-S02023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEYYI HILLIAM | |
| Appellant | No. 21 EDA 2015 |

Appeal from the Judgment of Sentence November 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1109351-1999

BEFORE:  SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 02, 2016**

Keyyi Hilliam appeals from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County following revocation of his probation.  Upon careful review, we affirm.

The trial court set forth the factual and procedural history of this case as follows:

> [Hilliam] pled guilty before the Honorable Eugene Maier, to attempted rape and indecent assault, for which he originally received a sentence of eleven and one-half to twenty-three months' incarceration followed by eight years' probation.  After a violation hearing on July 31, 2002, Judge Maier found [Hilliam] in violation, revoked parole, and sentenced him to a new period of eleven and one-half to twenty-three months' incarceration followed by eight years of probation.  After a second violation hearing on August 25, 2005, Judge Maier revoked probation and sentenced [Hilliam] to four to eight years of state incarceration followed by twelve years of probation.  In the interim, [Hilliam's] supervision was transferred to this court.  On March 20, 2011, [Hilliam] was arrested on charges including burglary and indecent exposure.  After a bench trial, the Honorable William

Mazzola found [Hilliam] guilty of burglary, indecent exposure, and simple assault, and sentenced [Hilliam] on April 19, 2013 to ten to twenty years' incarceration. Meanwhile, on May 9, 2012, [Hilliam] was arrested for aggravated assault and related charges relating to an incident wherein [Hilliam] threw a punch at a corrections officer. [Hilliam] eventually pled guilty before this court to the charges of simple assault and recklessly endangering another person, and received a negotiated sentence of two years' probation on August 7, 2014.

Following a violation hearing held on the same day, this court determined that [Hilliam] had directly violated his probation and deferred sentence to November 24, 2014. On that date, this court sentenced [Hilliam] to a period of five to ten years' incarceration followed by two years' probation, consecutive to Judge Mazzola's sentence.

Trial Court Opinion, 2/5/15, at 1-2 (citations omitted).

Hilliam filed a motion for reconsideration, which the court denied on December 4, 2015. This timely appeal followed, in which Hilliam raises the following issue for our review:

Was not the sentence imposed by the lower court following a finding [Hilliam] violated his probation, consisting of a term of incarceration of 5 to 10 years followed by a term of probation of 2 years, manifestly excessive, unreasonable, contrary to the fundamental norms which underlie the sentencing process and lacking the necessary quality of individualized sentencing, where the lower court failed to adequately examine and investigate [Hilliam's] background, character and rehabilitative needs, failed to state sufficiently adequate reasons for imposing the new sentence and failed to order or consider a pre-sentence report and failed to place its reasons for dispensing with such a report on the record?

Appellant's Brief, at 3.

Section 9771 of the Sentencing Code, 42 Pa.C.S. § 9771, which governs modification or revocation of probation orders, provides:

> **(a)** **General Rule. –** The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.
>
> **(b)** **Revocation. –** The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> **(c)** **Limitation on sentence of total confinement. –** The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771.

Hilliam challenges the discretionary aspects of his sentence. When the discretionary aspects of a sentence are questioned, an appeal is not guaranteed as of right. ***Commonwealth v. Moore***, 617 A.2d 8, 11 (Pa. Super. 1992).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence

- 3 -

appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011) (citation omitted).

Here, Hilliam filed a timely notice of appeal, and has preserved his claim by raising it in a motion for reconsideration of sentence. In his brief he has included a statement pursuant to Pa.R.A.P. 2119(f). Accordingly, we must determine whether Hilliam has raised a substantial question.

Judicial review of the discretionary aspects of a sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

This Court has held that a challenge to an unduly excessive sentence together with a claim that the court failed to consider an appellant's rehabilitative needs upon fashioning its sentence raises a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (en banc).. Accordingly, we will address Hilliam's claims, which he summarizes as follows:

> In the instant matter, the lower court did not order a pre-sentence investigation report and did not state on the record why it dispensed with the report even though it sentenced the defendant to a term of incarceration of 5 to 10 years. More to the point, the lower court made little effort to ascertain any "information regarding the circumstances of the offense and the character of the defendant sufficient to assist the judge in determining sentence." Pa.R.Crim.P. 702(A)(3).

Appellant's Brief, at 16.

Hilliam further asserts that the trial court focused on the protection of the public without considering "the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

The imposition of sentence following revocation of probation is vested within the sound discretion of the trial court, which, absent abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d. 910, 914 (Pa. Super. 2000). In a revocation of probation proceeding, "a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question." *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014). Moreover, a revocation court is under no obligation to order a presentence report for a defendant who has already undergone formal sentencing and consideration of all relevant information regarding his crime, character and background. *Commonwealth v. Fish*, 752 A.2d 921 (Pa. Super. 2000).

The record indicates that the court considered Hilliam's character as well as the nature of his crime. He is a three-time probation violator, who

- 5 -

committed two sexually violent offenses against strangers, and an assault on a correctional officer while on probation.

The court noted Hilliam's mental health issues before the sentencing, and allowed him to seek psychiatric evaluation, which Hilliam declined. The court heard testimony from his parole agent concerning Hilliam's inability to function in society. Hilliam addressed the court with respect to his family life, drug problems and mental illness. He asked the court to send him back to the mental health unit where he was incarcerated because he felt more comfortable there. N.T. Hearing, 8/7/14, at 13-14; N.T. Sentencing, 11/24/14, at 13-14; 16-18, 23-35.

Section 9721(b) of the Sentencing Code provides, "[i]n every case in which the court . . . resentences an offender following revocation of probation . . . the court shall make a part of the record, and disclose in open court at the time of sentencing, a statement for the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). Here, the court noted Hilliam's lack of remorse, his failure to rehabilitate himself, his lack of control and his inability to stay out of trouble. N.T. Sentencing, 11/24/14, at 21-24.

Hilliam has failed to establish that the court abused its discretion in imposing a sentence of five to ten years' incarceration plus two years' probation. Accordingly, we affirm the judgment of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/2/2016