J-S63004-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE CLELLAND | : | |
| | : | |
| Appellant | : | No. 1148 WDA 2017 |

Appeal from the Judgment of Sentence July 20, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000358-2011

BEFORE: OTT, J., MURRAY, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.: FILED FEBRUARY 1, 2019

Nicole Clelland appeals from the judgment of sentence imposed on July 20, 2017, in the Allegheny County Court of Common Pleas, upon the revocation of her probation, and made final by the denial of post-sentence motions on August 1, 2017. Clelland originally pled guilty on July 13, 2011, to seven counts of forgery.[1] On July 13, 2011, the court sentenced Clelland to a term of five years' probation for the first count of forgery, directed she

_____

[*] Former Justice specially assigned to the Superior Court.

[1] See 18 Pa.C.S. § 4101(a)(1). Counts for identity theft, receiving stolen property, and conspiracy to commit theft by unlawful taking were withdrawn. Clelland entered into a negotiated plea agreement in four cases, including the present one.

comply with the Forensic Service Plan, and ordered her to pay $3,848.62 in restitution to Evergreen Assisted Living. Following revocation,[2] the court sentenced Clelland to a term of one to two years' incarceration, to run consecutively to an unrelated case, and continued restitution in the same amount. Clelland challenges the legality and discretionary aspects of her sentence. Based on the following, we are compelled to vacate the sentence and remand for resentencing.

The facts and procedural history are well known to the parties and we need not recite them herein. See Trial Court Opinion, 7/27/2018, at 2-4. For purposes of this appeal, we note the trial court made no determination as to Clelland's eligibility for a Recidivism Risk Reduction Incentive ("RRRI")[3] program. Clelland raises the following issue for our review:

> Did the trial court err in denying [Clelland]'s post sentencing motions since the trial court abused its discretion in sentencing [Clelland] to a 1-2 years' probation violation sentence of state imprisonment, consecutive to the 9-18 year state prison sentence that she was already serving at two unrelated cases, and she will now be serving a total of 10-20 years' state imprisonment; for that reason, the consecutively imposed probation violation sentence was manifestly excessive. Moreover, the trial court didn't consider if [RRRI] was applicable to the instant sentence. Finally, the trial court erred in continuing to order the payment of restitution since [Clelland] will have no ability to pay it for ten, and possibly twenty years?

_____

[2] Clelland failed to make any restitution payments, obtained new criminal convictions, and was non-compliant with probation because she absconded.

[3] See 61 Pa.C.S. 4501, et seq. ("RRRI Act").

Clelland's Brief at 3. Based on our disposition, we will address Clelland's RRRI issue first.

Clelland asserts the sentence imposed is illegal because the trial court failed to consider if she was RRRI eligible. See id. at 8, 18.

We are guided by the following: "[T]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." Commonwealth v. Infante, 888 A.2d 783, 790 (Pa. 2005) (citation omitted). Upon the revocation of a defendant's probation, a trial court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing, regardless of any negotiated plea agreement. 42 Pa.C.S. § 9771(b); Commonwealth v. Wallace, 870 A.2d 838, 843 (Pa. 2005). Moreover, "[t]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." Commonwealth v. Fish, 752 A.2d 921, 923 (Pa. Super. 2000), appeal denied, 771 A.2d 1279 (Pa. 2001).

The RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S. § 4502. To achieve these goals, RRRI provides prisoners with "the opportunity … to be considered for parole at the

expiration of their RRRI minimum sentence." Commonwealth v. Robinson, 7 A.3d 868, 872 (Pa. Super. 2010); see also 61 Pa.C.S. § 4505(c)(2) (stating the RRRI minimum sentence "shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less [and] … five-sixths of the minimum sentence if the minimum sentence is greater than three years."). "When a court imposes a sentence of imprisonment in a state correctional facility, the court must also determine if the defendant is eligible for an RRRI Act minimum sentence, see 61 Pa.C.S. § 4505(a)." Commonwealth v. Hansley, 47 A.3d 1180, 1187 (Pa. 2012). Nevertheless, "[t]he RRRI Act does not apply to all defendants, but only to certain 'eligible offenders,' a term that does not include those with a history of violent crime, convicted of certain sex offenses, or subject to a deadly weapon enhancement." Hansley, 47 A.3d at 1186, citing 61 Pa.C.S. § 4503.[4]

Here, the trial court concisely states:

The Court found in [Docket Nos.] 201416877 and 201500989 that [Clelland] was not RRRI eligible because of her prior record, which was noted to be 20 pages long. (N.T. 4 pp. 7; 17).[4]

_____

[4] Notes of Transcript 4 refers to the Sentencing and Probation Violations Hearings Transcript held on July 21 and 22, 2016.

_____

_____

[4] As the Commonwealth notes, this Court has not addressed the question of whether probation violators are eligible for an RRRI sentence but both Robinson and Hansley indicate that where a sentence of imprisonment has been imposed, like in the present matter, the court must determine the defendant's RRRI eligibility. See Commonwealth's Brief at 8. Our research has uncovered no Pennsylvania decision to persuade us otherwise.

Trial Court Opinion, 7/27/2018, at 7.

The Commonwealth agrees with Clelland and concedes that her sentence is illegal because the trial court failed to consider if she was RRRI eligible. See Commonwealth's Brief at 9. As the Commonwealth adequately states:

> [The July 21 and 22, 2016, transcripts that the trial court refers to in its opinion] are not part of the certified record and are not relevant to what occurred at the July 20, 2017[,] Probation Violation hearing for CP-02-CR-0000358-201[1]. Even though the trial court believes [Clelland]'s entire record (all her criminal cases and probation violations) adequately addresses her ineligibility, it was statutorily mandated to make an on-the-record determination regarding RRRI eligibility at sentencing for CP-02-CR-0000358-2011. See 61 Pa.C.S.A. § 4505(a); Robinson. Because the trial [court] did not make a determination as to [Clelland]'s RRRI eligibility at the July 20, 2017[,] Probation Violation Hearing, this Court has no choice but to vacate the judgment of sentence and remand for the trial court to determine [Clelland]'s RRRI eligibility.

Id. at 10 (citation and footnote omitted).

Based on the RRRI Act, case law, and the record before us, we are constrained to agree with Clelland and the Commonwealth that Clelland's judgment of sentence is illegal because the trial court failed to make any on-the-record determinations regarding her RRRI eligibility at the July 20, 2017, probation revocation hearing and sentencing. Moreover, the court's rationale regarding those two other docket numbers and Clelland's RRRI ineligibility, as set forth in its opinion, does not overcome the statutory hurdle necessary in the present matter as to why the court chose not to find her RRRI eligible.

See 61 Pa.C.S. § 4505(a); Robinson, supra. Accordingly, we vacate Clelland's judgment of sentence and remand for resentencing.[5]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/2019

---

[5] Based on our disposition, we need not address Clelland's remaining claims.