J-A13021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ORLAND BRISCOE, | : | |
| | : | |
| Appellant | : | No. 1707 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 15, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002810-2011

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                           **FILED JULY 12, 2019**

Appellant Orland Briscoe appeals from the judgment of sentence of one to two years' imprisonment imposed following the revocation of his probation. He contends that his sentence was manifestly unreasonable because the trial court did not consider mitigating circumstances.  We affirm.

We adopt the facts set forth in the trial court's opinion:

On May 31, 2013, [Appellant pled] guilty to aggravated assault of a corrections officer (felony 2).  The trial court sentenced [Appellant] to time served to 23 months, to run from February 21, 2012, plus two (2) years probation to run consecutive to the expiration of parole.  The court also ordered a [psychiatric evaluation] and recommended treatment.

Following sentencing, [Appellant] was transferred to Philadelphia County[,] which was his place of residence.  However, [Appellant's] supervision was transferred back to Montgomery County due to [Appellant's] failure to report.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On October 1, 2015, [Appellant] appeared before the trial court to address seven (7) new arrests[1] and other technical violations of his probation and parole stemming from the above sentence. The trial court found [Appellant] guilty of this initial violation and sentenced him to time served to twenty-three (23) months, to run from July 17, 2015, followed by three (3) years probation. [Appellant] was also to comply with the mental health evaluation and recommendation. [Appellant's] supervision was again transferred to Philadelphia County.

* * *

Upon further investigation, it was learned that, as of September 1, 2016, [Appellant] had been arrested and was in custody of the Burlington County Jail in New Jersey. On September 1, 2016, [Appellant] was arrested by the New Jersey Transit Police Department-Newark (NJ) for aggravated assault; possession of a weapon for unlawful purposes; and, unlawful possession of a weapon. The criminal complaint alleged that [Appellant] had brandished a knife and threatened a person waiting on the train platform, after which he punched the subject in the face and walked away.

On November 23, 2016, the Montgomery County Department of Probation and Parole provided [Appellant] with Notice of Violations Letter[,] which [Appellant] refused to sign to indicate that he had received it. The November 23, 2016[] Notice indicated that [Appellant] was charged with violating the conditions and terms of his probation and parole . . . .

On May 15, 2018, after a violation hearing, the trial court found [Appellant] was in violation of his probation.[2] That same day, the trial court sentenced [Appellant] to 1-2 years in State Correctional Institution (SCI) on Count One of 2810-11. The sentence was to run from November 23, 2016.

---

[1] The seven arrests occurred between November 2013 and February 2015.

[2] There is nothing in the record to account for Appellant's delay in sentencing between the dates of November 23, 2016, and July 27, 2017. However, the record indicates that the delay between July 27, 2017, and May 15, 2018, was due to multiple rescheduled mental health evaluations and a competency hearing.

Trial Ct. Op., 8/15/18, at 1-3 (citations and some capitalization omitted).

At the hearing, the trial court observed as follows:

> THE COURT: I understand you are diagnosed with schizophrenia among other things and I do understand you do have some medical issues.
>
> [Appellant's interjection omitted].
>
> THE COURT: I understand. So I'm going to sentence you [Appellant]—let's get this done. I'm not going to give you the one to four. I am going to sentence you, though, to one to two years in state prison. I am going to specifically write on the sentencing sheet—
>
> [Appellant]: Ma'am, ma'am, ma'am, ma'am.
>
> THE COURT: —that you get medical attention right away.

N.T., 5/15/18, at 38-39.

Appellant filed a timely post-sentence motion requesting, among other things, that the trial court resentence him to "a time-served county sentence." Post-Sentence Mot., 5/22/18, at 2. The court denied Appellant's motion on June 6, 2018.

Appellant timely appealed on June 11, 2018.[3] *See also* Pa.R.Crim.P. 708(E). Appellant timely filed a Pa.R.A.P. 1925(b) statement, and the trial court filed a responsive opinion.

Appellant raises one question on appeal: "Whether the trial court's sentence was manifestly unreasonable." Appellant's Brief at 4. Appellant argues that his one to two year sentence is excessive. *Id.* at 9. Specifically,

---

[3] The docket reflects Appellant's notice of appeal, but the certified record transmitted to this Court did not include the notice.

Appellant asserts that the court failed to consider mitigating circumstances. *Id*. at 8. Appellant contends that his probation violations were the result of mental illness. *Id.* He states that punitive responses, such as lengthy sentences, in response to mental illness are ineffective. *Id.*

Moreover, Appellant claims that the trial court erred in finding that he was not amenable to treatment. *Id.* at 12. He emphasizes that he expressed a willingness to fulfill the obligations of supervised release and that his mother could provide support for his re-entry, housing, and medical care. *Id.* at 12. Appellant concludes that he was in need of treatment rather than confinement.[4] *Id*. at 11.

Because Appellant's issue implicates the discretionary aspects of sentencing, we are guided by the following:

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

---

[4] Appellant has attached to his appellate brief several newspaper and journal articles addressing incarceration of mentally ill inmates. The attachments were not filed with the trial court.

- 4 -

*Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted).

As to the requirement that a substantial question be raised, this Court has explained that a substantial question "exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016) (citation omitted). "[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) (citations omitted); *see also Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013).

Here, Appellant's appeal was timely, he preserved his issue in a motion for reconsideration of sentence, and his brief contains a concise statement of the reasons relied upon for allowance of appeal. *See Derry*, 150 A.3d at 991. Moreover, Appellant's claim that the trial court failed to consider mitigating circumstances raises a substantial question. *See id.* Therefore, we will address Appellant's argument that the sentence was manifestly unreasonable.

In matters involving the discretionary aspects of sentencing, our well-settled standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

- 5 -

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

The statute governing the modification or revocation of probation provides:

**§ 9771.  Modification or revocation of order of probation**

\*       \*       \*

**(c) Limitation on sentence of total confinement.—**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Following revocation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing."  ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000) (citation omitted).  "[T]he trial court is limited only by the

maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Id.***

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b) . . . ." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (citation omitted). This Court has explained:

> While parts of § 9721(b) do not govern revocation proceedings, as our sentencing guidelines are not required to be consulted in such instances, . . . other provisions of that section do apply. For example, the sentencing court must follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. In addition, in all cases where the court resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

***Derry***, 150 A.3d at 993 (citations and quotation marks omitted).

In its Rule 1925(a) opinion, the trial court explained that it

> noted [Appellant's] significant mental health issues as documented in [his prior competency and psychological evaluation] reports, and [it] was further concerned by the fact that [Appellant] failed to comply with the recommendations as cited in the August 2015 Psychological Evaluation, denies any psychiatric issues, and refuses to take his prescribed psychotropic medication. Further, the trial court imposed a sentence of 1-2 years instead of the requested 2-4, and did so with the hopes that [Appellant] could also obtain some medical treatment in the state facility. Finally, with reference to any mitigating factors, the trial court did not have confidence in [Appellant's] assertions that, if released, he could live with his mother in Philadelphia and that she would oversee his medical care, get him work and make sure

he reported. . . . [Appellant's] supervision was originally transferred to Philadelphia where his mother lived, but had to be transferred back twice due to [Appellant's] failure to report, and due to other violations.

Trial Ct. Op., 8/15/18, at 7-8.

Based on our review of the record, we find no abuse of discretion in the trial court's decision to impose a sentence of one to two years' imprisonment. Appellant had a lengthy history of failing to comply with the requirements of probation, and his most recent offense involved an aggravated assault. The trial court explicitly noted that the sentence was consistent with its duty to protect the needs of the community, as well as the potential rehabilitation of Appellant. *See Derry*, 150 A.3d at 993. The trial court also considered Appellant's mitigating circumstances, including his mental illness. *See* N.T., 5/15/18, at 38-39. The trial court, however, indicated its lack of confidence that Appellant could comply with the terms of probation, even under his mother's supervision. *See* Trial Ct. Op., 8/15/18, at 7.

Therefore, having reviewed the record and Appellant's argument, we conclude that the trial court appropriately considered all relevant sentencing factors. As such, Appellant's claim warrants no relief. *See Raven*, 97 A.3d at 1253.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/19