J-A17015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON LAWRENCE REIGLE | : | |
| | : | |
| Appellant | : | No. 246 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 18, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001258-2019

BEFORE:  McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    Filed: October 21, 2021

Jason Lawrence Reigle appeals from the judgment of sentence following the revocation of his probation. Reigle contends that his sentence was manifestly excessive and did not take into account his rehabilitative needs, and that the court failed to state on the record adequate reasons for the sentence. We affirm.

The trial court discussed the procedural history of this matter as follows:

> On information 5628-2018, [Reigle] was charged with the following: one count of possession of methamphetamine, five counts of possession of paraphernalia, and one count of possession of marijuana for personal use.[1] On March 13, 2019, [Reigle] entered a negotiated guilty plea and was sentenced to 12 months of probation to be served

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16)(M), (a)(32)(M), and (a)(3)(i)(M), respectively.

consecutive to his sentence for case 2663-2018.[2] Special conditions imposed were that [Reigle] complete drug and alcohol treatment. On September 3, 2019, a probation violation hearing was held where [Reigle] . . . was found in violation of his probation. [Reigle]'s probation was revoked, and he was resentenced to 12 months of probation consecutive to case 2663-2018 with special conditions to abide by drug and alcohol treatment. On January 24, 2020, [Reigle] appeared for another probation violation hearing in which he agreed to the violation and resentenced to 12 months of probation. His special conditions were to comply with all drug and alcohol [treatment recommendations and his probation was to be served concurrently with all other bills of information.

On information 1258-2019, [Reigle] was charged with one count of flight to avoid apprehension.[3] On July 8, 2019, [Reigle] entered a guilty plea and this [c]ourt sentenced [Reigle] to 24 months of probation. No special conditions were imposed. On January 24, 2020, [Reigle] appeared for a probation violation hearing . . . and was found in violation of probation. [Reigle's] probation was revoked, and he was resentenced to 24 months to be served concurrently to all other cases being served. Special conditions were that [Reigle] abide by all drug and alcohol treatment recommendations.

On information 5781-2019, [Reigle] was charged with one count of flight to avoid apprehension. On January 24, 2020, [Reigle] entered a guilty plea and was sentenced to 24 months of probation in the County Intermediate Punishment Program to be served concurrent with all other probation violation matters. [Reigle] was subject to the following restrictions: drug and alcohol treatment, complete mental health evaluation, have GPS monitoring for a minimum of 90 days, serve a minimum of 100 hours of community service, reside at an approved residence at all times, submit

_____

[2] On that docket, on March 13, 2019, Reigle entered a guilty plea and was sentenced to twelve months of probation for simple assault and harassment, 18 Pa.C.S.A. §§ 2701 and 2709, respectively.

[3] 18 Pa.C.S.A. § 5126(a)(M2).

to random, frequent drug testing, and to report as instructed. [Reigle] was warned that any further violations would result in [Reigle] serving not less than 12 months to no more than 24 months in the state correctional facility.

On information 5783-2019, [Reigle] was charged with one count of possession of heroin and one count of possession of drug paraphernalia. On January 24, 2020, [Reigle] entered negotiated guilty plea and [was] sentenced to 12 months of probation to be served concurrently with all other probation violation sentencings held on that date. Special conditions imposed were that [Reigle] enter a drug and alcohol treatment as directed and comply with the conditions for case 5781-2019.

Following the January 24, 2020 sentences on four separate dockets, [Reigle] was sentenced to restrictive probation and was paroled on February 18, 2020, to inpatient treatment at Pyramid Treatment Center. On March 2, 2020, [Reigle] was reported to have left the inpatient facility against medical advice. Officer Portillo from Bucks County Adult Probation directed [Reigle] to report to the Bucks County Justice Center on March 3, 2020, and [Reigle] failed to appear. Officer Portillo spoke with [Reigle]'s emergency contacts and learned that [Reigle] refused to accept transportation to the Justice Center. [Reigle]'s whereabouts were unknown, and a bench warrant was issued on March 6, 2020. On March 11, 2020, the warrant was served at an unapproved address where [Reigle] was located.

Trial Ct. Op., 3/24/21, at 1-3 (original footnotes and internal citations to the record omitted).

Probation and police officers attempted to serve a search warrant but were unable to locate Reigle. *Id.* at 3. After receiving additional information, officers obtained permission to enter a residence where Reigle was reported to be hiding. Officers found Reigle hiding underneath the floor in a crawlspace. Reigle refused to leave the crawlspace until officers said they would call a K-

9 unit. *Id.* at 3-4. Appellant was charged with and entered a guilty plea to flight to avoid apprehension on December 14, 2020.

On December 18, 2020, the court held a probation violation hearing. On information numbers 5628-2018 and 1258-2019, the violations were the second; for informations 5781-2019 and 5783-2019, they were the first. Prior to sentencing, all parties acknowledged that the court had previously informed Reigle that if he violated his supervision, the court would impose a sentence of 12 to 24 months of incarceration. N.T., 12/18/20, at 5, 22-23. At 5628-2018 the court sentenced Reigle to 12 months of probation concurrent with any other sentence; on 5783-2018, the court sentenced Reigle to 12 months of probation consecutive to 5628-2018. At 1258-2019, Reigle was sentenced to time served to not more than 23 months of incarceration and immediately paroled. At 5781-2019, the court sentenced Reigle to a period of 12 to 24 months of incarceration.

Reigle timely filed post-sentence motions, which the court denied on January 4, 2021. Reigle timely filed separate notices of appeal at case numbers 1258-2019 and 5781-2019.

Reigle raises a single issue for our review: "Did the trial court abuse its discretion in resentencing Appellant by imposing manifestly excessive sentences, failing to consider all relevant factors, and failing to adequately state the reasons relied upon for imposing said sentence?" Reigle's Br. at 6.

Reigle's issue is a challenge to the discretionary aspects of his sentence. When reviewing a challenge to such this Court must first determine whether:

- 4 -

(1) the appeal is timely; (2) the appellant properly preserved the issues presented; (3) the brief contains a Pa.R.A.P. 2119(f) statement; and (4) the appellant has presented a substantial question. *See Commonwealth v. Radecki*, 180 A.3d 441, 467 (Pa.Super. 2018) (citing *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010)).

Reigle filed a timely appeal, preserved his issues with a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement. We therefore turn to whether he has presented a substantial question. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000).

An excessive sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, may raise a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa.Super. 2015). We therefore will consider his arguments on the merits.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not merely an error in judgment. "Rather, the appellant must establish, by reference to the record, that the

- 5 -

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa.Super. 2006).

Further, when a trial court sentences a defendant following the revocation of probation, it "is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa.Super. 2000). The court may impose a sentence of total confinement upon revoking probation if: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

Reigle argues that the court did not consider all relevant factors, including his age, family history, and rehabilitative needs. Reigle's Br. at 9. Reigle contends that his life spiraled out of control when he began using drugs, but that he had previously been able to maintain his sobriety for eight years. ***Id.*** at 12-13. Reigle argues that he has both a strong need and a strong desire for treatment, but the trial court ignored his testimony and imposed an aggregate sentence inconsistent with his rehabilitative needs. ***Id.*** Additionally, Reigle argues that the court did not adequately state its reasoning on the record. ***Id.*** at 13-14. Finally, Reigle argues that his aggregate sentence

exceeded the recommendation of the probation department, and was the longest period of incarceration he has ever served. *Id.* at 15.

At the revocation hearing, the court noted that Reigle had absconded, failed to report, left treatment against medical advice, and been consistently noncompliant. *See* Trial Ct. Op., at 5. The court reemphasized that Reigle had four cases and had been informed what would happen the last time he had violated his probation. *Id.* In its opinion, the court explained further:

> From the facts of the case and this [c]ourt's reasons set out on the record, it is apparent that this [c]ourt properly sentenced [Reigle] to confinement. [Reigle] was convicted of another crime, flight to avoid apprehension, to which [Reigle] pled guilty on December 14, 2020. [Reigle] has multiple criminal matters open before this [c]ourt, therefore, [Reigle]'s contention that there is no undue risk that he will commit another crime if he were sentenced to a period of probation or partial confinement is unsupported by the record. While [Reigle] disputes the facts that were introduced, [Reigle] failed to report and the lengths to apprehend [Reigle] were extraordinary so it is this [c]ourt's belief that [Reigle] would flee again if given the opportunity. Finally, when this [c]ourt sentenced [Reigle] previously, [Reigle] was warned that he would be imprisoned if he violated his probation again, so a term of imprisonment was necessary to vindicate the authority of this [c]ourt.

*Id.* at 6.

The court appropriately considered Reigle's criminal history and recent probation violations. *See id.* Reigle had been warned that if he violated his probation again, he would be subject to a period of incarceration. Reigle then, once again, violated his probation. Given that this was a probation revocation, the court specifically noted the factors it was to consider pursuant to 42

- 7 -

Pa.C.S.A. § 9771(c): Reigle was convicted of another crime; his repeated conduct indicated that it was likely he would commit another crime if he was imprisoned; and considering the court's warning at Reigle's last probation violation hearing, prison time served to vindicate the authority of the court. We are satisfied that it considered Reigle's rehabilitative needs, given the history of the court resentencing him multiple times, following revocation, to probation with conditions that he follow drug and alcohol treatment recommendations. Nor can we say that the court abused its discretion in determining the length of the sentence, in view of Reigle's history. We will not disturb the court's sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/21