J-A13025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 :         PENNSYLVANIA
                                                 :

             v.                          :

KENNETH TRUSH                 :
                                                 :

            Appellant           :     No. 1065 EDA 2018

Appeal from the Judgment of Sentence March 8, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005392-2010

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:              **FILED JUNE 18, 2019**

Appellant Kenneth Trush appeals from the judgment of sentence imposed following the revocation of his probation. Appellant challenges the discretionary aspects of his sentence. We affirm.

The trial court opinion set forth the relevant facts and procedural history of this case as follows:

> On November 5, 2010, [Appellant] pled *nolo contendere* to one count of possession with intent to deliver a controlled substance [(PWID), 35 P.S. § 780-113(a)(30)]. On that date, the [trial c]ourt imposed the negotiated sentence of five years' reporting probation.
>
> [Appellant] immediately absconded from supervision, putting him in technical violation of the terms of his probation. Since he failed to report at all after the November 5, 2010 sentencing, he also failed to comply with the probation requirements that he submit to drug testing and provide a DNA sample. As a result, his

_____

[*] Retired Senior Judge assigned to the Superior Court.

probation officer issued an absconder warrant for his arrest on March 23, 2011.

After issuing the warrant, the Probation Department discovered that on March 11, 2011, [Appellant] had been arrested in Bucks County for aggravated assault and related charges. On July 11, 2011, [Appellant] was permitted to resolve the Bucks County charges by pleading guilty to simple assault, resisting arrest, and disorderly conduct, and was sentenced to 6 to 12 months in county prison.

On October 13, 2011, [Appellant] appeared before the [trial court] for a hearing to address the alleged violations of the terms of his probation (VOP). At that time, the [trial c]ourt found that [Appellant] was in direct and technical violation, revoked [Appellant's] probation, and resentenced him to 5½ to 11 months' incarceration, with a consecutive term of three years' reporting probation. While the [trial c]ourt ordered that [Appellant's] sentence be consecutive to the 6 to 12 month sentence [Appellant] was currently serving for his Bucks County conviction, the [trial c]ourt made him work release eligible.

The [trial c]ourt paroled [Appellant] on January 8, 2013. However, [Appellant] once again absconded from supervision, reporting for the last time on September 9, 2014. [Appellant's] probation officer subsequently discovered that [Appellant] had been arrested on August 22, 2014, for a PWID in Bucks County that allegedly had occurred on April 29, 2014. [Appellant] was released on bail after that arrest, but failed to disclose the arrest to his probation officer when [Appellant] reported for the last time about two weeks later in September. The probation officer also learned that on February 17, 2015, [Appellant] had failed to appear in Bucks County for his trial on the PWID charge, and was therefore a fugitive in that case. On May 4, 2015, the probation officer issued an absconder warrant for [Appellant].

[Appellant's] whereabouts were unknown to the Probation and Parole Department until more than two years later, when on July 31, 2017, he was arrested for retail theft. That arrest enabled him to be brought back to face the Bucks County PWID charge. On September 14, 2017, he pled guilty to that charge. On December 28, 2017, the Bucks County court sentenced him to 1½ to 3 years' incarceration in state prison.

On March 8, 2018, [Appellant] came before the [trial court] once again for a VOP premised upon his second time absconding from supervision and his PWID conviction in Bucks County. Following the hearing, the [trial c]ourt revoked [Appellant's] probation and resentenced him to 2 to 5 years' incarceration, consecutive to the 1½ to 3 years' incarceration [Appellant] was serving for his PWID conviction in Bucks County.

Trial Ct. Op., 7/17/18, at 1-3 (record citations omitted).

Appellant timely filed a post-sentence motion on March 16, 2018. Appellant argued that his "sentence was excessive in that it far surpassed what was required to protect the public and was well beyond what was necessary to foster [Appellant's] rehabilitation for a non-violent offense." Post-Sentence Mot., 3/16/18, at 2 (unpaginated). The court denied the post-sentence motion on March 27, 2018.

Appellant timely filed a notice of appeal on April 9, 2018. On May 1, 2018, Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court subsequently filed a responsive Rule 1925(a) opinion, concluding that it imposed an appropriate and reasonable sentence.

Appellant now raises one question for this Court's review:

Did the sentencing court abuse its discretion, violate Sections 9771 and 9721 of the Sentencing Code, and violate the general sentencing norms when, following a revocation of probation, it imposed an aggregate consecutive sentence which was manifestly excessive and unreasonable, was based upon Appellant's criminal history exclusively without an adequate substitute for a pre-sentence investigation report, and ignored his individualized needs, rehabilitation, and circumstances?

Appellant's Brief at 3.

On appeal, Appellant claims that the trial court did not properly consider his background, character, and rehabilitative needs when fashioning the sentence it imposed following revocation. Appellant's Brief at 12. Appellant acknowledges that he waived his right to have a pre-sentence investigation (PSI) report prepared to inform the court about the relevant sentencing factors. *Id.* Nevertheless, Appellant insists that the "court failed to conduct a thorough colloquy to ensure that it had adequate substitute information." *Id.*

Further, Appellant complains that the court ordered his sentence to run consecutive to his prison term for the Bucks County PWID conviction. Appellant argues that the imposition of a consecutive sentence is excessive in light of the fact that he committed a non-violent drug offense, which was related to his addiction issues. *Id.* at 18. Appellant concludes that the trial court "failed to consider each required sentencing factor, and imposed a manifestly excessive sentence." *Id.* at 10.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

- 4 -

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

Here, Appellant timely filed a notice of appeal, arguably preserved his claim in a post-sentence motion, and included a concise statement of reasons relied upon for allowance of appeal in his brief. *See Corley*, 31 A.3d at 296. Additionally, the claim that the trial court failed to consider the required sentencing factors raises a substantial question. *See Derry*, 150 A.3d at 999 (holding that "the failure to consider Section 9721(b) factors does present a substantial question for our review of the discretionary aspects of sentences imposed for violations of probation"). Therefore, we will review Appellant's claim.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgments for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

The statute governing the modification or revocation of probation provides:

**§ 9771.  Modification or revocation of order of probation**

\*    \*    \*

**(c) Limitation on sentence of total confinement.—**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Following revocation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000) (citation omitted).  "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence."  *Id.*  "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b) . . . ." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (citation omitted).

> While parts of § 9721(b) do not govern revocation proceedings, as our sentencing guidelines are not required to be consulted in such instances, . . . other provisions of that section do apply. For example, the sentencing court must follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. In addition, in all cases where the court resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Derry*, 150 A.3d at 993 (citations and quotation marks omitted).

Instantly, the trial court explained its sentencing decision as follows:

> [T]he record demonstrates that [Appellant's] sentence was appropriate and reasonable. As the Court noted during the sentencing hearing, [Appellant's] utter disregard for any conditions of supervisions, despite repeated opportunities to comply, fairly gives rise to concern about the protection of the public. After having originally been given a probationary sentence, [Appellant] failed to report to probation even one time, and picked up a felony aggravated assault charge that was ultimately reduced to simple assault in a plea bargain. After that flagrant abuse of the privilege of probation, the [trial c]ourt gave [Appellant] a generous county sentence with work release eligibility. [Appellant] responded to this second chance by absconding once again, this time for more than two years, and by committing the very same crime for which he had been placed on probation by the [trial c]ourt. As the [trial c]ourt stated at the sentencing hearing, this history of lawless conduct fully warranted time in prison in addition to the sentence that he had received for his new drug case in Bucks County.

As to [Appellant's] claim that the [trial c]ourt failed to conduct an individualized sentencing, the [trial c]ourt, during the sentencing hearing, explicitly took into account the evidence presented throughout the history of the case, the original sentencing guidelines, [Appellant's] history while on probation, and [Appellant's] application for parole that the [trial c]ourt had granted in 2013. The [trial c]ourt also had before it the detailed **Gagnon II**[1] hearing summaries prepared by the Probation and Parole Department from October 7, 2011, August 14, 2017, and January 18, 2018.

Trial Ct. Op. at 5-6 (record citations omitted).

Contrary to Appellant's assertions, the trial court considered the relevant sentencing factors. The court recognized that a prison term was appropriate in light of Appellant's repeated probation violations, as well as his commission of new crimes. **See Derry**, 150 A.3d at 993; 42 Pa.C.S. § 9771(c); **see also Malovich**, 903 A.2d at 1254 (finding no abuse of discretion in the trial court's sentence of total confinement because the "[a]ppellant was not responding to the court's authority; incarceration was necessary").

Further, Appellant waived his right to have a PSI report prepared. Even if Appellant had not made this waiver, the absence of a PSI report did not inhibit the court's ability to make an informed sentencing decision:

[T]he availability of relevant data to the sentencing judge was so extensive that defense counsel believed that no additional helpful information would be found in a PSI [report]. The [trial c]ourt had before it a wealth of information from a prior parole petition, three **Gagnon II** hearing summaries, two prior sentencing hearings, and a prior VOP hearing. Accordingly, the [trial c]ourt had more than sufficient information to impose an individualized sentence, and thus a PSI [report] was not necessary.

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

Trial Ct. Op. at 8-9.  Our examination of the record supports the trial court's assertion.  ***See Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 727-28 (Pa. Super. 2013) (holding that the revocation court possessed sufficient information to substitute for a PSI report where, among other things, the same judge presided at the probationer's original plea hearing, sentencing, and revocation proceeding, and the court possessed a summary of the probationer's underlying offense, criminal record, and violation history).  We conclude that the court did not abuse its discretion, and Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing.  ***See Raven***, 97 A.3d at 1253.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/19