J-S15033-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN CHARLES ILLINGWORTH | : | |
| | : | |
| Appellant | : | No. 1533 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 28, 2019
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0002208-2012

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    FILED MAY 08, 2020

Appellant, John Charles Illingworth, appeals from the judgment of sentence entered in the Court of Common Pleas of Cambria County, which imposed a new revocation of probation sentence after this Court vacated the previous sentence as manifestly excessive and remanded for new sentencing pursuant to this Court's directive in Commonwealth v. Illingworth, No. 1187 WDA 2018, 2019 WL 2407524, at *1 (Pa. Super. Ct. June 7, 2019). After careful review, we are constrained to vacate and remand for a new sentencing hearing conforming to the directives provided in our previous memorandum decision.

We reproduce the underlying facts and procedural history as outlined in in Illingworth, as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[Appellant] was charged with one count each of: retail theft – take merchandise; theft by unlawful taking - movable property; conspiracy - retail theft; and disorderly conduct.[1] On October 3, 2013, [Appellant] entered a plea of nolo contendere to one count of organized retail theft - merchandise valued at $ 5,000-$ 19,999, a felony of the third degree[.] [2] On November 12, 2013, [Appellant] was sentenced to: pay the costs of prosecution, pay restitution of $ 11,500, and serve a period of probation of eighty-four (84) months, this sentence was within the standard range.

> [1] Respectively 18 Pa. C.S. §§ 3929.3(a), 3921(a), 903, and 5503(a)(4).
> [2] 18 Pa. C.S. § 3929.3(a).

[Appellant] was arrested on a probation bench warrant on June 5, 2018, and a hearing was held on June 21, 2018. Testimony presented showed that: [Appellant] had not contacted or met with his probation officer for a prolonged period; probation officers had been unable to locate [Appellant]; and that [Appellant] had not made any payments on this matter in nearly five years.[3] [Appellant] indicated that: he had been homeless for a period of time; he stayed in various homeless shelters until he obtained his own residence with the aid of the Union Mission in Latrobe; he had been unable to find employment other than odd jobs for his landlord; and, that for the last eighteen (18) months he shared a residence with his girlfriend. [Appellant] further testified that he thought his family was making payments on his behalf. Following the testimony the [c]ourt revoked [Appellant's] probation finding that he had failed to comply with virtually every term of his probation from the date of sentencing until his arrest on the probation bench warrant.

> [3] A review of the docket entries in this matter reveals that no payments have been made on [Appellant's] case but that his co-defendant, Daniel G. Wyers, has made payments towards the joint and several restitution amounts on his case at Cambria County docket number 0199-2013. The reference to a payment made June 26, 2017, on page 2 of the June 21st transcript is to a payment made by Wyers not [Appellant].

The [c]ourt directed that an updated pre-sentence investigation [report] (PSI) was to be completed and set sentencing for July 19, 2018. At the July 19th hearing, [Appellant] again explained: that

- 2 -

he had been homeless for a period of time; that for the last twelve (12) months he shared a residence with his girlfriend; and that he could now make his monthly payments as he had found a job. In imposing its sentence the [c]ourt indicated that it: had reviewed the record in this matter; had reviewed the updated PSI; read and considered a letter submitted by [Appellant]; considered the comments of the probation officers and counsel; and considered the sentencing options available to it under the laws of the Commonwealth. The [c]ourt found that [Appellant] had violated virtually every condition of his probation and resentenced him to: pay the costs of prosecution; pay restitution totaling $ 11,500; and to serve a period of incarceration of forty-two (42) to eighty-four (84) months incarceration. [Appellant] was found to be RRRI eligible with an RRRI sentence of thirty-five (35) months.

Illingworth, No. 1187 WDA 2018, at *1.

On appeal, Appellant raised a challenge to the discretionary aspects of his sentence. We acknowledged a substantial question existed regarding the exercise of sentencing discretion where the court had imposed a sentence of total confinement exceeding the original sentence for a technical violation of parole or probation.

We, thus, reviewed the court's reasons for imposing a three and one-half year to seven year sentence. Specifically, the court had stated that it considered Appellant's presentence investigation report, a letter Appellant wrote to the court detailing his difficult circumstances since the original sentencing in 2013, available options of sentencing as contained in Title 18 and Title 42, the probation officer's comments and counsels argument, and the fact that Appellant violated "virtually every aspect of [his] supervision [for nearly five years,]" which included his failures to maintain regular contact with

- 3 -

his probation officer, to update his address, and to make payments of restitution.

We acknowledged that the trial court had acted with considerable leniency in originally sentencing Appellant to seven years' probation for a third-degree felony retail theft conviction carrying a maximum sentence of incarceration of not more than seven years. Moreover, we agreed a sentence of incarceration was "essential to vindicate the authority of the court." Yet, we were constrained to conclude a sentence of three and one-half to seven years' imprisonment for technical violations of Appellant's probation was manifestly excessive, where the underlying conviction was appellant's first and arose from his plea of nolo contendere to a non-violent crime. Illingworth, at *5.

In so holding, we relied on Commonwealth v. Parlante, 823 A.2d 927, 931 (Pa.Super. 2003) (deeming four to eight year prison sentence manifestly unreasonable for non-criminal, mostly technical probation violations, particularly where revocation court had failed to consider these and other factors and supply adequate reasons for such confinement). We reasoned:

> We find Parlante to be instructive in the case before us. Considering the nature of Appellant's probation violations, his underlying non-violent conviction, the lack of criminal history, and the mitigating factors Appellant presented to the trial court, we conclude that the sentence of forty-two to eighty-four months of imprisonment "is a manifestly unreasonable amount of time." Id. at 931. Furthermore, the sentence is not based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and Appellant's needs for rehabilitation, in violation of Section 9721(b).

Illingworth, at *5. Therefore we vacated sentence and remanded for resentencing consistent with the principles discussed in our decision.

On August 28, 2019, the revocation court commenced the post-remand resentencing hearing with the following statement:

> THE COURT: Yes, they [Superior Court] indicated that they didn't think I had evaluated his rehabilitative needs enough for his drug and alcohol, which I'm of the opinion they apparently didn't read the record and just made a decision, but they remanded it, so I'll resentence him.

N.T., 8/28/19, at 2.

After counsel established that Appellant was presently 15 months into his revocation sentence of incarceration at SCI Somerset, Appellant provided testimony updating his circumstances since the last PSI. When asked if he had completed any programs while in prison, he replied he had not been assigned to any, but he was working as a prison tutor, assisting a teacher for the previous few months and receiving a wage of 40 cents per hour. N.T. at 3-4. Appellant also indicated he had no disciplinary issues during the 15 months. N.T. at 4. He apprised the court that a former employer of his offered him housing and a part-time grounds keeping/maintenance position at a large property with acreage in Greensburg until he could find full-time employment. He stated that he "looked forward to making good on the restitution and costs and fines and hav[ing] the opportunity to do so." N.T. at 4.

The court asked if anyone knew what had happened in co-defendant's case stemming from the same episode, and the Commonwealth indicated that, similar to Appellant, he had pled guilty to felony retail theft in 2013 and

- 5 -

received a sentence of eight to 16 months in jail. With that, the court sentenced Appellant:

> THE COURT: I've taken into consideration your presentence report of July 9th, 2018; the updated information as provided by your attorney and yourself. I've taken into consideration the options of sentencing in Title 18 and Title 42. I've taken into consideration the transcript of your prior sentencing on July 19th, 2018, and the information contained therein, and sentence you as follows:
>
> To the Case at 2208 of 2012, Count 1, you're sentenced to pay the cost of prosecution . . ., direct restitution of $6,806 to Decker Diamond Jewelers, subrogated restitution of $4,694 to Jeweler Mutual Insurance; and serve no less than 24 months, nor more than 84 months in a state correctional institute with credit for time served. You are RRRI eligible and your RRRI is 18 months.

N.T. at 5-6. Appellant filed a post sentence motion to modify what he contended was a manifestly excessive sentence unsupported by sufficient reasons of record, but the court denied the motion after a brief hearing. This timely appeal followed.

The imposition of a sentence of total confinement after revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000). Thus, "[o]n appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation." *Id.* We, therefore, shall consider the merits of Appellant's challenge to the discretionary aspects of his revocation sentence.

- 6 -

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. See Commonwealth v. Cartrette, 83 A.3d 1030 (explaining our scope of review in revocation proceedings is limited to the validity of the proceedings, legality of sentence, and discretionary sentencing challenges). "[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." Commonwealth v. MacGregor, 912 A.2d 315, 317 (Pa. Super. 2006).

Additionally, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. Commonwealth v. Fish, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1-3); Fish, 752 A.2d at 923.

Furthermore, because sentencing guidelines do not apply to sentences imposed following a revocation of probation, we are guided by the provisions of 42 Pa.C.S. § 9721, which state the general standards that a court is to

- 7 -

apply in sentencing a defendant. Commonwealth v. Ferguson, 893 A.2d 735, 739 (Pa. Super. 2006).

Specifically, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation. Id. Moreover, this Court has explained that when the "sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" Commonwealth v. Moury, 992 A.2d 162, 171 (Pa.Super. 2010).

Section 9721(b) of the Sentencing Code requires a trial court, "[i]n every case," to "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Notably, this applies when a court modifies an individual's sentence. Id. As this Court previously explained:

> Requiring the sentencing court to state its reasons at that time provides a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentencing proceeding ends, and to identify and frame substantive claims for post-sentence motions or appeal. Therefore, [ ] it is not sufficient for the trial court to state its reasons in a post-

- 8 -

sentence Rule 1925(a) opinion.  The reasons must be given "in open court at the time of sentencing." 42 Pa. C.S. § 9721(b).

> [...A]lthough a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, ... the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.  A discourse on the court's sentencing philosophy, as it applies to the defendant before it, is not required. [...T]he reasons must reflect the judge's consideration of the sentencing code, the circumstances of the offense and the character of the offender.

Commonwealth v. Flowers, 149 A.3d 867, 875–876 (Pa.Super. 2016) (case citations, original brackets, and most quotations omitted).

In the case sub judice, when this Court vacated Appellant's original revocation sentence and remanded for resentencing, we admonished not only that the sentence was manifestly excessive given the totality of circumstances but also that the revocation court, even though it had the benefit of a PSI report, failed to make the necessary demonstration at sentencing that it based its sentence on a Section 9721(b) inquiry:

> Considering the nature of Appellant's probation violations, his underlying non-violent conviction, the lack of criminal history, and the mitigating factors Appellant presented to the trial court, we conclude that the sentence of forty-two to eighty-four months of imprisonment "is a manifestly unreasonable amount of time." Id. at 931.  Furthermore, the sentence is not based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and Appellant's needs for rehabilitation, in violation of Section 9721(b).  Ferguson, 893 A.2d at 739.

Illingworth, No. 1187 WDA 2018 at *5.

Despite our admonition, the same concerns undermine the court's resentencing presently under review.  Just as occurred in the first hearing, the revocation court again failed to address altogether, let alone provide a

- 9 -

meaningful discussion, why a sentence of considerable incarceration for a non-violent, first-time offender, and technical probation violator was consistent with the protection of the public, gravity of the offense, and rehabilitative needs of Appellant. As no explanation from the court appears in the record of the sentencing hearing, we must vacate Appellant's sentence and remand for a new sentencing hearing.

Judgment of sentence vacated. Remanded for a new sentencing hearing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/08/2020