**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY MILTON VALES | : | |
| | : | |
| Appellant | : | No. 1076 WDA 2021 |

Appeal from the PCRA Order Entered August 16, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002843-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY MILTON VALES | : | |
| | : | |
| Appellant | : | No. 1077 WDA 2021 |

Appeal from the PCRA Order Entered August 16, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009847-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY VALES | : | |
| | : | |
| Appellant | : | No. 1078 WDA 2021 |

Appeal from the PCRA Order Entered August 16, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005066-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| :--- | :--- | :--- |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY VALES | : | |
| | : | |
| Appellant | : | No. 1079 WDA 2021 |

Appeal from the PCRA Order Entered August 16, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006039-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY MILTON VALES | : | |
| | : | |
| Appellant | : | No. 1080 WDA 2021 |

Appeal from the PCRA Order Entered August 16, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000672-2017

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: May 13, 2022**

Timothy Milton Vales (Vales) appeals from the order denying his first petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Allegheny County (PCRA court) without a hearing. He maintains that Violation of Probation (VOP) counsel was ineffective for failing to introduce his recent Veteran's

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

Administration treatment records that showed he had made progress. We affirm.

We take the following factual background and procedural history from our independent review of the record and the PCRA court's November 1, 2021 opinion.

**I.**

At the time of his commission of the crimes in this case, Vales had a thirty-five-year record of convictions for *crimen falsi* crimes. A military veteran, the Veterans Treatment Court[1] rejected him in 2017 "because he was considered to be chronically dishonest." (N.T. VOP Hearing, 7/16/19, at 14). On August 18, 2017, Vales pleaded guilty at the above docket numbers to theft by deception, bad checks, forgery and unauthorized practice of law. On December 4, 2017, the court sentenced Vales to an aggregate term of three years' probation.

On July 16, 2019, the court held a VOP hearing because of Vales' new criminal convictions[2] and technical probation violations. At the hearing, VOP

---

[1] "Veterans Treatment Courts assist veterans charged with crimes who are struggling with addiction, mental illness or co-occurring disorders and come in contact with the criminal justice system." https://www.pacourts.us/judicial-administration/court-programs/veterans-courts.

[2] The convictions resulted from Vales' guilty plea to four new charges of theft by deception and theft by unlawful taking. (N.T. VOP Hearing, 7/16/19, at 3).

counsel argued that despite Vales' long criminal history, he had been successful with his Justice-Related Services (JRS) plan[3] and "has been the victim of multiple sexual abuse both as a child and when in the military." (*Id.* at 13). The court possessed a February 17, 2017 Presentence Investigation Report (PSI) and gave Vales an opportunity to review it, after which Vales declined either to make any additions or corrections or to have an updated PSI performed. Vales spoke on his own behalf, during which time he acknowledged his lengthy criminal history, the court's repeated leniency and did not raise any issue regarding the treatment records or VOP counsel's representation, expressly stating that she was "great" and "ha[d] been honest with [him]." (*Id.* at 17).

The court noted that over the thirty-five years of similar *crimen falsi* behavior, Vales violated probation four times and demonstrated an unwillingness to refrain from his criminal actions despite the court's continued attempts to avail him of treatment resources. It observed that in the thirty-five years that Vales had been involved in the criminal justice system, it has repeatedly given him the opportunity to engage in mental health and drug and

---

[3] "Justice Related Services (JRS) provide an array of supports for adults with a mental illness or a co-occurring mental illness and substance use disorder and for a person dually diagnosed with a mental illness and intellectual disability, who are involved in the criminal justice system. …" https://www.alleghenycounty.us/Human-Services/Programs-Services/Disabilities/Justice-Related/JRS---MH-Programs.aspx.

- 4 -

alcohol treatment and Vales acknowledged that he failed to avail himself of that opportunity. In the current case, in addition to being convicted of other crimes while on probation, Vales had committed technical violations by failing to maintain contact with his probation officer, cutting off his leg band, unplugging Electronic Home Monitoring (EHM) equipment to go AWOL and failing to pay restitution. The court told Vales that "[p]retty much nothing you say is true [or] honest" and that it "[had] no reason to believe at this point more conditions [would be effective or] that there is anything left [] to do other than just sentence [him] to incarceration." (*Id.* at 26). Thereafter, the court revoked Vales' probation and imposed an aggregate sentence of four-and-a-half to thirteen-and-a-half years' incarceration. It denied his post-sentence motion and Vales filed a direct appeal that he discontinued.

On April 9, 2020, Vales filed his first PCRA petition *pro se*, and appointed counsel, Attorney Robert Perkins, filed an amended petition on March 30, 2021, in which he argued that VOP counsel was ineffective for failing to introduce treatment records that would have resulted in the court imposing a more lenient sentence of incarceration because they showed that he had made progress. The PCRA court served Vales with notice of its intent to dismiss the petition without a hearing on July 21, 2021, pursuant to Rule 907. *See* Pa.R.Crim.P. 907(1). On August 9, 2021, Vales filed a *pro se* response to the notice and on August 10, 2021, he filed a request for the appointment of new counsel and for an extension of time to file a counseled response. The court

formally dismissed the petition on August 16, 2021, and Vales timely appealed.[4]  He and the court have complied with Rule 1925.[5]  **See** Pa.R.A.P. 1925.

## II.

Vales argues that the PCRA court erred in dismissing his petition without a hearing[6] because VOP counsel was ineffective for failing to introduce the Veteran's Administration treatment records that would have resulted in a more favorable sentence.  (**See** Vales' Brief, at 3, 19-24) (pagination provided).  In considering an ineffective assistance of counsel claim, we observe first that counsel is presumed effective and that a petitioner bears the burden to prove otherwise.  **See Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. Super. 2014).  To establish an ineffectiveness claim, a defendant must prove:

---

[4] Vales filed a separate notice of appeal at each of the five PCRA court docket numbers in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  We consolidated the appeals *sua sponte* on September 24, 2021.

[5] On September 10, 2021, the PCRA court permitted Attorney Perkins to withdraw and appointed Attorney Corey Bauer as counsel.  Attorney Bauer moved to withdraw on September 16, 2021.  The court granted the motion the same day, appointing Attorney Robert Carey as appellate counsel. Attorney Carey filed the Rule 1925(b) statement.

[6] "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.**

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* (citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim." *Id.* (citation omitted).

Once the court revokes probation, it can impose a sentence of total confinement if: (1) the defendant has been convicted of another crime; (2) his conduct indicates he is likely to commit another crime if not confined; or (3) a sentence of total confinement is necessary to vindicate the authority of the court. *See Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(c).

Instantly, Vales argues that: (1) his underlying claim has arguable merit because the treatment records existed and VOP counsel did not offer them into evidence despite Vales' request that she do so; (2) counsel lacked any strategic basis for not offering the documents; and (3) he was prejudiced because their introduction would have resulted in a more lenient sentence. (*See* Vales' Brief, at 19-23).[7] Although he acknowledges that the PCRA court expressly found that the records would not have impacted the sentence, Vales baldly maintains that counsel's failure to introduce the documents resulted in an "extended period of incarceration," and rendered the court unable to

---

[7] All page numbering for Vales' brief provided.

- 7 -

consider his rehabilitative needs because it relied on the 2017 PSI when the records would have shown that he had made "great strides" since that time. (**Id.** at 22); (**see id.** at 20-24); (PCRA Court Opinion, 11/02/21, at 4).

The record supports the PCRA court's decision. VOP counsel argued for a more lenient sentence by raising Vales' compliance with JRS and his sexual abuse history both as a child and in the military. (**See** N.T. VOP Hearing, at 13). Vales spoke on his own behalf and elected not to raise any issue about the Veteran's Administration treatment records of which he now complains. He declined the court's offers for either an updated PSI or for him to make any additions or corrections to the 2017 PSI on which the court relied. (**See id.** at 11-12, 14-17). Despite Vales' claim that the court failed to consider his rehabilitative needs, the court observed that in the thirty-five years that Vales had been involved in the criminal justice system, it has repeatedly given him the opportunity to engage in mental health and drug and alcohol treatment and Vales acknowledged that he failed to avail himself of that opportunity. (**See id.** at 16-17, 26). Further, despite his current allegation that VOP counsel failed to introduce the records despite his request that she do so, at the hearing, he volunteered that counsel was "great," "ha[d] been honest with [him,]" and he did not claim that counsel failed to follow his request to introduce evidence. (**Id.** at 17).

Furthermore, at the time of the VOP hearing, Vales had new convictions for *crimen falsi* crimes. (**See** N.T. VOP Hearing, at 3-4). After over thirty-five

years of similar criminal behavior, Vales demonstrated an unwillingness to refrain from it and violated probation four times, despite the court's continued attempts to avail him with treatment resources. (**See id.** at 18, 26). In this case, Vales committed technical violations of his probation by failing to maintain contact with his probation officer, cutting off his leg band, unplugging the EHM equipment to go AWOL, and failing to pay restitution. (**See id.** at 20). Based on all the foregoing, the court observed that pretty much nothing Vales said was true and that it had no reason to believe that any probation conditions would be effective, leaving incarceration as the only viable option. (**See id.** at 26). In its opinion, it noted that, "[Vales'] history of abuse, while tragic, does not excuse or justify his subsequent criminal acts." (PCRA Ct. Op, at 4).

We discern no abuse of discretion in the PCRA court's finding that VOP counsel's failure to introduce the Veteran's Administration treatment records was not ineffective assistance of counsel. There is no underlying merit to the claim that the lack of the records rendered the court unable to consider Vales' rehabilitative needs, and counsel had a reasonable basis to not introduce such records where the court was aware of the history of abuse and Vales' previous success with JRS treatment and had previously offered repeated rehabilitative and treatment opportunities. Moreover, Vales was not prejudiced where the

records would not have affected the proceeding's outcome.[8] **See Fears**, **supra** at 804. Vales' challenge to the PCRA court's order lacks merit. **See Lippert, supra** at 1100.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2022

---

[8] To the extent that Vales argues that the court violated the Sentencing Guidelines, we note that is a discretionary aspects of sentence claim, which is not cognizable under the PCRA. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007). Moreover, even if properly raised, the claim would fail because the Sentencing Guidelines are not applicable to sentences imposed as a result of a probation revocation. **See Commonwealth v. Presley**, 193 A.3d 436, 446 (Pa. Super. 2018), *appeal denied*, 201 A.3d 154 (Pa. 2019). Even assuming *arguendo* that this was a proper PCRA claim and that the Sentencing Guidelines were applicable to this matter, the court explained that although the individual eighteen-month sentences were above the standard range, the sentences were appropriate where his prior record score "vastly under represents [Vales'] more than 35 year criminal history of committing *crimen falsi*" and his "thumbing his nose at [the trial court] and the criminal justice system[.]" (N.T. VOP Hearing, at 29). We discern no abuse of discretion.